UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Criminal Action No. 5: 22-003-DCR |
| | ) | and |
| V. | ) | Civil Action No. 5: 22-310-DCR |
| | ) | |
| DONALD WOODROE KISER, III, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant/Movant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant/Movant Donald Kiser has filed a motion seeking to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Record No. 53] The motion was referred to United States Magistrate Judge Matthew Stinnett for issuance of a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Stinnett issued his report on March 27, 2023, recommending that Kiser's motion be denied. [Record No. 61] The parties did not submit objections to the Magistrate Judge's R&R.

This Court makes a *de novo* determination of those portions of a magistrate judge's recommendation to which objections are made, 28 U.S.C. § 636(b)(1)(C). However, "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). However, upon full review of the record, the Court agrees with Magistrate Judge Stinnett's determination that Kiser's attorney did not provide constitutionally ineffective assistance.

- 1 -

## I. Background

A criminal complaint was filed against Kiser on August 3, 2021, alleging that he produced a visual depiction of a minor engaging in sexually explicit conduct in violation of 18 U.S.C. § 2251(a) (Count 1), and that he possessed a depiction of a minor engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(4)(B) (Count 2). [Record No. 1] A federal grand jury indicted Kiser for both counts on January 6, 2022. [Record No. 5] Attorney Bradley Clark was appointed to represent Kiser pursuant to the Criminal Justice Act. [Record No. 14]

Kiser pleaded guilty to Count 1 on July 18, 2022. In exchange, the United States moved to dismiss Count 2 at the defendant's change-of-plea hearing. [Record No. 38] Kiser's plea agreement included the following facts in support of his conviction for Count 1. And Kiser agreed to these facts. I relevant part, the plea agreement provided:

> On May 19, 2021, law enforcement located several images and videos on KISER'S HP laptop that depict KISER sexually abusing Vl, a minor victim then living in the same household as KISER, on multiple different occasions. One series of images that depicted the abuse of Vl contained 42 images. The images progress from images of Vl lying on a couch asleep and covered with blankets to images where Vl has been uncovered . . . . Metadata from multiple images in this series revealed that these images were produced on or about 12/28/18, when VI would have been 8 years-old, in Lexington, Kentucky, in the Eastern District of Kentucky.

[Record No. 25, pp. 2-3] The United States summarized the essential terms of the parties' agreement at the defendant's change-of-plea hearing, including the factual basis for Count 1. [Record No. 58, pp. 8-14] Kiser confirmed that the government's summary was accurate. [*Id.* at p. 14]

Kiser's presentence investigation report ("PSR") recommended a base offense level of 32 under the United States Sentencing Guidelines. [Record No. 46, p. 6] The probation officer recommended several enhancements to the base offense level, including a two-level increase

pursuant to U.S.S.G. § 2G2.1(b)(5) (hereafter, the "caretaker enhancement") because the victim was in the custody of the defendant at the time of the criminal conduct. [*Id.*] The probation officer also suggested applying a two-level increase pursuant to U.S.S.G. § 3A1.1(b)(1) (the "vulnerable victim enhancement") because Kiser "knew or should have known the victim was a vulnerable victim." [*Id.* at p. 7]

Clark objected to the PSR on several grounds. He claimed that the Court should not apply the caretaker enhancement because there was insufficient proof that Kiser cared for or had supervisory control over the victim. [Record No. 32, pp. 3-4] Additionally, Clark argued that because the defendant's sentence already accounted for the fact that the victim was underage, the Court should not apply the vulnerable victim enhancement "unless the victim was unusually vulnerable for reasons unrelated to age." [*Id.* at p. 4 (citing *United States v. Dowell*, 771 F.3d 162, 171 (4th Cir. 2014))]

Clark also moved for a downward variance pursuant to 18 U.S.C. § 3553(a)(2) prior to Kiser's sentencing hearing. [Record No. 33] Counsel argued that the Court should impose a shorter sentence because Kiser took responsibility for his actions, was a victim of abuse himself, and because there was no evidence that he distributed the explicit images that he produced. [*Id.* at pp. 3-4] Additionally, counsel requested that the Court impose a sentence of 275 months' imprisonment so that the defendant's sentence would be proportionate to the sentences of other defendants with similar criminal histories and who were convicted of similar crimes. [*Id.* at p. 6]

Clark again objected to the Court's application of the caretaker and vulnerable victim enhancements at Kiser's sentencing hearing. [Record No. 59] Regarding the caretaker enhancement, he argued that the victim was no longer in the care or custody of the defendant

under U.S.S.G. § 2G2.1(b)(5) following a breakdown in Kiser's relationship with the mother of the victim.  [*Id.* at pp. 16-18]  Counsel provided a letter from the victim's mother in support of his argument which, he claimed, demonstrated that the defendant's relationship with the victim's mother had deteriorated over time. [*Id.*]  The undersigned rejected Clark's argument and applied the enhancement, finding that the letter from the victim's mother sufficiently "establish[ed] a family relationship" between Kiser and the victim at the time of the offense. [*Id.* at p. 24]  The undersigned also rejected counsel's objection to the vulnerable victim enhancement and found that applying the enhancement was proper because the victim was sleeping at the time of the offense.  [*Id.* at p. 20]

Finally, Clark argued for a downward variance for Kiser at the defendant's sentencing hearing, advancing the same arguments raised in his motion.  [*Id.* at pp. 28-33]  The Court rejected counsel's request and imposed a sentence of 360 months' imprisonment.  [Record No. 40]  Kiser appealed the sentence to the United States Court of Appeals for the Sixth Circuit, but the appeal was dismissed for want of prosecution.  [Record Nos. 41, 48]

Kiser filed the instant § 2255 motion on November 29, 2022.  [Record Nos. 49, 53]  He asserts three claims, alleging that his trial attorney provided constitutionally ineffective assistance.  [Record No. 53]  Namely, Kiser claims that Clark was ineffective for failing to object to the sentencing Court's application of the caretaker and vulnerable victim enhancements, and for failing to properly argue for a downward variance.  [*Id.* at p. 14]

In response to the defendant's motion, the United States argued that the defendant is not entitled to relief because Kiser cannot show that Clark acted unreasonably.  Specifically, the government explained that Clark effectively argued against the application of both enhancements and in favor of a downward variance.  [Record No. 60]  As the government

notes, "the fact that counsel's endeavors were unsuccessful does not render his performance deficient." [*Id.* at p. 8]

Additionally, the government attached an affidavit from Clark to its response, in which counsel detailed his efforts in preparing for Kiser's sentencing. [Record No. 60-1] Clark explains that he discussed the viability of challenging the enhancements recommended in Kiser's PSR with the defendant. [*Id.* at p. 10] He notes that while "there were colorable arguments against applying the enhancements . . . [the decision whether to apply the enhancements] would ultimately be up to the judge." [*Id.* at p. 2]

Magistrate Judge Stinnett recommends denying all of Kiser's claims. [Record No. 61] He explains that Kiser's claim that Clark was ineffective for failing to object to the vulnerable victim enhancement should be denied because Clark made the "exact objection" that the defendant claims counsel should have raised. [*Id.* at p. 5] Additionally, Clark was not ineffective in objecting to application of the caretaker enhancement because counsel's strategic decision to submit a letter from the victim's mother in support of his argument was not objectively unreasonable. [*Id.* at p. 7] Finally, the Magistrate Judge recommends denying Clark's final claim because counsel effectively argued that the Court should apply a downward variance in his motion and at the defendant's sentencing hearing. [*Id.* at p. 9]

## II.  Legal Standard

A federal prisoner may move a court that sentenced him to "vacate, set aside or correct the sentence" upon showing that the sentence is unlawful, that the court lacked jurisdiction, that the sentence is "in excess of the maximum authorized by law," or that the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255. "A motion brought under § 2255 must allege one of three bases as a threshold standard: (1) an error of constitutional magnitude;

(2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001). Relief under § 2255 is warranted only when a petitioner shows a fundamental defect which inherently results in a complete miscarriage of justice. *Miller v. United States*, 562 F. App'x 485, 490 (6th Cir. 2014) (citation omitted).

### III.  Analysis

A defendant's right to counsel is violated when counsel's performance falls below an objective standard of reasonableness and the defendant is prejudiced by counsel's performance. *Henness v. Bagley*, 766 F.3d 550, 554 (6th Cir. 2014) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). Here, Kiser makes three claims that his trial attorney violated his constitutional right to effective assistance of counsel. *See* U.S. Const. amend. VI.

Under *Strickland*'s first prong, courts "take care to avoid 'second-guessing'" an attorney's discretion and "strongly presume" that counsel "made all significant decisions in the exercise of reasonable professional judgment." *Lundgren v. Mitchell*, 440 F.3d 754, 759-60 (6th Cir. 2014); *see also Strickland*, 466 U.S. at 690. To satisfy the second prong, a movant must demonstrate that counsel's deficient performance would have changed the outcome of the proceeding, considering "the totality of the evidence before the judge or jury." *Strickland*, 466 U.S. at 695-96. In other words, a defendant must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A movant must establish his claim of ineffective assistance by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

- 6 -

## 1. The Vulnerable Victim Enhancement

Kiser argues that Clark was ineffective for failing to object to the sentencing Court's application of a vulnerable victim enhancement under U.S.S.G. § 3E1.1(b)(1). [Record No. 53, p. 14] The defendant contends that Clark should have argued against the application of the enhancement because his sentence was already enhanced due to the victim's age. [*Id.*] But as Magistrate Judge Stinnett correctly finds, Clark *did* object to the vulnerable victim enhancement, advancing the same argument that Kiser makes in his motion. [*See* Record No. 61, p. 5.] Because the defendant cannot show that his attorney failed to appropriately respond to the Court's application of the vulnerable victim enhancement, his claim fails under *Strickland*'s first prong.

And even if Clark's actions regarding the enhancement were improper, Kiser cannot demonstrate that his attorney's actions prejudiced the outcome of his case. The Court rejected Clark's argument regarding the section 3E1.1(b)(1) enhancement at the defendant's sentencing hearing and noted that the enhancement was not being applied because the victim was young, but because she was asleep. As the Court explained, the enhancement could properly be applied because the defendant took pictures of the victim "knowing that she [was] asleep . . . [and a] sleeping child is [in] a pretty vulnerable position." [Record No. 59, p. 20]

Moreover, the Court's application of the enhancement was proper. Multiple courts have applied a section 3E1.1(b)(1) enhancement when a victim was asleep at the time the criminal conduct occurred. *See, e.g., United States v. Plenty*, 335 F.3d 732, 734 (finding that vulnerable victim enhancement was warranted when burglary victim was asleep, as the victim "did not have the ability to phone law enforcement, to run away, to move the location of the assault . . . or to fight back"); *United States v. Wetchie*, 207 F.3d 632, 636 (9th Cir. 2000)

(upholding district court's application of vulnerable victim enhancement because "preying upon sleeping victims would appear to be 'more criminally depraved' . . . than victimizing people who are awake and alert") (citation omitted).

## 2.  The Caretaker Enhancement

Kiser next claims that Clark was ineffective for failing to object to the sentencing Court's application of the caretaker enhancement under U.S.S.G. § 2G2.1(b)(5).  He contends that his attorney should have called the victim's mother to testify at his sentencing hearing or provided an affidavit explaining that the defendant was not a "parent or guardian" of the victim because his relationship with the victim's mother had deteriorated.  [Record No. 53, p. 14] Like with his previous claim, Kiser cannot argue that his attorney's performance was unreasonable under *Strickland*'s first prong because the record demonstrates that counsel effectively objected to the Court's application of the caretaker enhancement.

Clark raised the very argument that Kiser makes in his § 2255 motion at the defendant's sentencing hearing.  [*See* Record No. 59, pp. 16-18.]  Counsel submitted a letter from the victim's mother through which he attempted to show that the defendant's strained relationship with the victim's mother removed Kiser from the family to such a degree that he no longer exercised control over the victim.  Clark explained that he decided to submit a letter rather than call the victim's mother to testify at the hearing to "avoid the appearance of impropriety," noting that "[i]t is unusual for the mother of a child victim to support the abuser."  [Record No. 60-1, p. 3]

Clark was not ineffective for failing to present arguments in the exactly the way Kiser desires, particularly when the defendant has not demonstrated that his alternative method of objecting to the caretaker enhancement would have changed the sentencing Court's

determination.   Kiser has not demonstrated that Clark's actions regarding the caretaker enhancement were anything other than decisions made "in the exercise of reasonable professional judgment." *Lundgren*, 440 F.3d at 759-60.

### 3.  The Downward Variance

Finally, Kiser argues that Clark provided constitutionally ineffective assistance when counsel failed to properly argue for a downward variance.  [Record No. 53, p. 14]  Namely, Kiser claims that counsel should have "suppl[ied] example[s] of similar sentences" and "present[ed] [evidence] such as [his] lack of criminal history . . . lack of this crime being distributed on the internet, and lack of penetration."  [*Id.*]  However, the evidence in the record flatly contradicts the defendant's allegations.

The record demonstrates that counsel moved for a downward variance not once, but twice: in his motion pursuant to 18 U.S.C. § 3553(a) and at the defendant's sentencing hearing. [*See* Record Nos. 33, 59, pp. 28-33.]  Moreover, the Magistrate Judge correctly notes that Clark raised the exact same arguments in his motion and at Kiser's sentencing hearing that Kiser claims counsel should have raised in the defendant's § 2255 motion.  Kiser cannot argue that counsel provided unreasonable performance when Clark "advanced every argument about which Kiser now complains."  [Record No. 61, p. 9]

### IV.  Evidentiary Hearing

Kiser has not requested an evidentiary hearing on the claims in his § 2255 motion. Regardless, the Court finds that an evidentiary hearing is not warranted because the allegations in the defendant's motion are flatly contradicted by the record.  *See MacLloyd v. United States*, 684 F. App'x 555, 559 (6th Cir. 2017) (holding that "a district court may only forego a hearing where 'the petitioner's allegations cannot be accepted as true because they are contradicted by

- 9 -

the record, inherently incredible, or conclusions rather than statements of fact") (citation omitted). The record conclusively demonstrates that Clark objected to the vulnerable victim and caretaker enhancements and effectively argued for a downward variance at the defendant's sentencing hearing. As Magistrate Judge Stinnett notes, the defendant's factual allegations "are not only rejected by the record but appear to be an attempt by Kiser to relitigate these issues." [Record No. 61, p. 9] Kiser is not entitled to an evidentiary hearing because he has not made any factual allegations that would entitle him to relief.

### V. Certificate of Appealability

The Court will issue or deny a certificate of appealability when it enters a final order that is adverse to the movant in a § 2255 proceeding. Rule 11 of the Rules Governing § 2255 Proceedings for the United States District Courts; 28 U.S.C. § 2253©(1)(B). A certificate of appealability may be issued only when the defendant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this burden, the defendant must show that reasonable jurists could debate whether the petition should have been resolved in a different way or that the issues involved were "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4) (1983)).

Reasonable jurists would not debate the Court's conclusions. Clark effectively represented the defendant when he argued that the vulnerable victim enhancement should not apply to Kiser's sentence on account of the victim's age. Additionally, counsel adequately objected to the Court's application of the caretaker enhancement by submitting a letter from the victim's mother explaining that Kiser no longer had a close relationship with the victim's family. Finally, Clark effectively argued for a downward variance when he presented

mitigating factors that could support imposing a lesser sentence. Kiser may disagree with the sentencing Court's determination, but he cannot claim that his attorney provided ineffective assistance merely because counsel's arguments to the Court were unsuccessful. *See, e.g., Green v. United States*, No. 1:09-CR-87, 2018 WL 4471758, at *5 (E.D. Tenn. Sept. 18, 2018) ("Making a cogent but unsuccessful argument does not amount to ineffective assistance of counsel."). Thus, no certificate of appealability will issue.

## VI.  Conclusion

Kiser has failed to demonstrate that his attorney provided ineffective assistance under the standard set forth in *Strickland*. Accordingly, it is hereby

**ORDERED** as follows:

1.     The United States Magistrate Judge Matthew Stinnett's Report and Recommendation [Record No. 61] is **ADOPTED** and **INCORPORATED** here by reference.

2.     Defendant/Movant Donald Woodroe Kiser's motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255 [Record No. 53] is **DENIED**. His claims are **DISMISSED**, with prejudice, and **STRICKEN** from the docket.

3.     A Certificate of Appealability will not issue.

4.     To the extent Kiser seeks an evidentiary hearing, his request is **DENIED**.

Dated: April 14, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky